IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

BILLY JOE PELFREY,

        Plaintiff,

v.                                    CIVIL ACTION NO. 3:07-0169

JUDY FITZGERALD and
REBECCA ADKINS,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

This civil action involves claims for money damages and other relief by a state parolee against two state parole officers. The Magistrate Judge having entered a Proposed Findings and Recommendation, to which the plaintiff has filed his Objection, the Court has reviewed the Complaint as well as the proposed findings and objection. Because the Court **DISMISSES** the Complaint on alternative grounds, the Court need not address the proposed findings or Plaintiff's objections.

Plaintiff's original complaint alleges that Defendants, both acting in their capacities as West Virginia state parole officers, violated his constitutional rights when they arrested him for parole violations. He claims that Defendants, by conducting home visits and talking with his neighbors, caused him to be beaten by others and to hide that fact from the officers. He contends they arrested him without cause after performing a breathalyser test that measured a .026 level. He claims that over a period of three years these Defendants looked for reasons to revoke his parole, essentially complaining they were out to get him.

The Magistrate Judge recommended dismissal under Heck v. Humphrey 512 U.S. 477 (1994). Plaintiff's Objection asserts that the parole revocation hearing reached a result favorable to him,

purporting the parole board found the charges "invalid" and reinstated his parole. Although he supplied no documents to verify this, the Court accepts his claim and assumes, without finding, that Heck presents no barrier to this suit.

Even so, upon review of his allegations, the Court finds the Complaint insufficient to state a claim. Pursuant to 2 U.S.C. § 1915(a) the Court must dismiss a claim which is frivolous under the law or fails to state a claim upon which the relief sought may be granted. Plaintiff's Complaint falls into this category. His claims that he was beaten by neighbors, just because Defendants informed them Plaintiff was on parole, have no legal basis. Defendants are not prohibited from speaking with neighbors as part of their supervision of a parolee. Further, Plaintiff's vague assertion that Defendants were trying to find a reason to charge him with violations provides no basis for a claim. Lastly, Plaintiff admits that he withheld the fact of an altercation with his neighbors from the parole officers and that he had a positive result from the breathalyser when officers charged him with parole violations. Even if the hearing resulted in a decision favorable to him, his Complaint fails to allege facts that plausibly support a cause of action.

Therefore, the Court **DISMISSES** Plaintiff's Complaint on the basis alternative to the Magistrate Judge's reasoning. Plaintiff's Objection is **DENIED** as moot.

The Court **DIRECTS** the Clerk to forward copies of this written opinion and order to Magistrate Judge Stanley, all counsel of record, and any unrepresented parties.

ENTER: September 27, 2010

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE